UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

TO: Counsel of Record

FROM: Judge Peter J. Messitte

RE: *Walter R. Davis v. Bimbo Foods Bakeries Distribution, LLC*
Civil No. 22-0663

DATE: November 26, 2024

\* \* \*

The Court has reviewed Plaintiff Davis's Motion to Alter or Amend Findings and Judgment (Mot.), ECF No. 74, filed pursuant to Fed. R. Civ. P. 59(e), and Defendant Bimbo's Opposition, ECF No. 86. Davis asks the Court to (1) modify the money judgment awarded to him to account for sales volume increases to the Kroger Fulfillment Center based on recently available sales data, and (2) to provide certain requested clarifications on the effects of the Final Order and Memorandum Opinion. *See* Mot. 1.

"Under Rule 59(e), a motion to amend a final judgment may be granted only '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Carrero v. Farrelly*, No. 16-cv-3939, 2018 WL 1761957, at \*2 (D. Md. Apr. 12, 2018) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Sherwin-Williams Co. v. Coach Works Auto Collision Repair Ctr. Inc.*, No. 07-cv-2918, 2012 WL 2343235, at \*4 (D. Md. June 19, 2012) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

The Court understands that Davis believes that the Kroger Fulfillment Center's sales volume will increase over time. But the Court considered the issue when Davis raised it in his post-trial briefs and determined that Davis had not proved to a reasonable certainty that his own revenue would increase (or by how much) over the fifteen-year period he was awarded damages, particularly given that his costs may also increase over time. The Court therefore **DENIES** Davis's request to amend with respect to his monetary award.

Davis also asks the Court to amend its Judgment to provide certain clarifications with respect to his rights to the Kroger Fulfillment Center under the Distribution Agreement. Specifically, he asks: (1) what happens to his rights at the Kroger Fulfillment Center after the fifteen-year window used to calculate his damages has elapsed; and (2) what happens if the Kroger Fulfillment Center or the

1

site on which it sits is renovated or otherwise modified, and opens as a new entity, or (3) continues to operate as a Kroger Fulfillment Center.

Davis's questions, at this point, are hypothetical and speculative. If they arise in the future, they may occasion further litigation and may involve new parties and new contracts. The Court therefore will not address those issues. The Judgment, as it stands, sufficiently resolves the issues squarely before it at this juncture.

In sum, Davis's Motion to Alter or Amend Findings and Judgment, ECF No. 74, is **DENIED**.

The Court's Final Order of Judgment stands, effective June 25, 2024.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and Clerk is directed to docket it accordingly.

                                            **PETER J. MESSITTE**
                                    **UNITED STATES DISTRICT JUDGE**

Cc:   Court File